Margaret TINGLER and Paris II Educational Center, Appellants,

v.

STATE BOARD OF COSMETOLOGY, Respondent.

No. WD 44413.

Missouri Court of Appeals, Western District.

Aug. 27, 1991.

Mark W. Untersee, James W. Jeans, Kansas City, for appellants.

William L. Webster, Atty. Gen., Mary Joe Smith, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

PER CURIAM.

The State Board of Cosmetology after a hearing ordered the instructor license of Margaret Tingler suspended for two years, with a three-year period of probation fol-

lowing the suspension, and ordered the school license of Paris II Educational Center placed on five years' probation. The Board's order was affirmed upon appeal to the Circuit Court of Clay County.

Margaret Tingler and Paris II Educational Center have appealed, claiming the disciplinary measures were not "authorized by law", as required by section 621.110 RSMo (1986). They claim specifically that the Board's action was not supported by the necessary vote of the Board members.

Present at the meeting which ordered the disciplinary action were four members of the Board. Three members voted for the disciplinary action; the fourth recused herself and did not vote. The Board is made up of six members, five voting members and one non-voting member. Section 329.-190.1 RSMo (1986).

Section 329.220 RSMo (1986) provides as follows:

> "Quorum Majority Vote. At all meetings of the board two members shall be necessary to constitute a quorum for the transaction of business but no official action may be taken unless a majority of the whole board may vote therefor."

The literal meaning of this section is that four members of six must vote for any official action, for any official action must be supported by the vote of a majority of the whole board. The whole board consists of six members, even though one of them is a non-voting member. With only three votes, the action which ordered the disciplinary measures was invalid and must be set aside.

The judgment of the Clay County Circuit Court is reversed. The cause is remanded to the trial court, to be in turn remanded to the State Board of Cosmetology for further proceedings.